Timothy C. Springer, Esq. #207229
LAW OFFICES OF TIMOTHY C. SPRINGER
4905 N. West, Suite 102
Fresno, CA 93705
Telephone: (559) 225-3622
Facsimile:  (559) 225-3459
Attorney for Plaintiff/Debtor,

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In the Matter of:

Richard and Dawn Martines

           Plaintiffs/Debtors

Vs.

Vivint Solar

           Defendant

Case No: 19-12058

Chapter 13

Adv. No:

COMPLAINT SEEKING DAMAGES FOR VIOLATION OF AUTOMATIC STAY

$40,000 in Punitive Damages Requested.

1. On May 14, 2019, Richard and Dawn Martines, (hereinafter, Plaintiffs, Debtors or Plaintiffs/Debtors') commenced a voluntary case under Chapter 7 of the Bankruptcy Code, by filing a petition which has been assigned Case No. 19-10983 in this Court.

2. This Court has jurisdiction to hear this matter under 28 U.S.C. §1334, because it arises in that case and is related to it. This is a core proceeding.

3. An Order for relief was entered in this case on May 14, 2019, pursuant to 11 U.S.C. §301, thus triggering an Automatic Stay pursuant to 11 U.S.C. §362(a), of all debt collection against Plaintiffs/Debtors'.

4. The Defendant, Vivint Solar is a creditor of the Plaintiffs/Debtors' by virtue of a legal engagement contract.

5. On or about June 2, 2019, Vivint Solar was served by the Debtors with notice of Plaintiff/Debtors' filing for relief. A true copy of the Certificate of Service is EXHIBIT F.

6. The attempts of Defendant on July 8, 2019, August 7, 2019, September 6, 2019 and October 7, 2019, to collect a pre-petition debt are in direct violation of the Automatic stay provision under 11 U.S.C. §362(a).

7. At no time did any agent or employee of the Defendant communicate, or attempt to communicate with the Plaintiffs/Debtor's undersigned counsel, although the Defendant knew, or had reason to know that the Plaintiffs/Debtors' was represented by him as an attorney with respect to their debt, and Defendant knew or could have readily ascertained the address of the attorney from the "Notice of Chapter 13 Bankruptcy Case" sent by the U.S Bankruptcy Court.

8. The attempts of Defendant on July 8, 2019, August 7, 2019, September 6, 2019 and October 7, 2019, to collect a pre-petition debt are in direct violation of the Automatic stay provision under 11 U.S.C. §362(a).

9. After the bankruptcy filing, specifically, Defendant June 2, 2019 have called and contacted the Debtors in an attempt to collect a pre-petition debt.

10. At the times when Defendant took these actions, Plaintiffs/Debtors' were protected by the Automatic Stay.

11. At no time did any agent or employee of the Defendant request a reaffirmation of the debt or attempt to file a motion to have the debt be declared non-dischargeable.

**COMPLAINT SEEKING DAMAGES FOR VIOLATION OF AUTOMATIC STAY**

12. Plaintiffs/Debtors' has been harmed by the actions of the Defendant in an amount to be proven at the time of trial, including but not limited to, $84.36 used by Plaintiffs/Debtors' to travel to confer with their attorney.

13. Defendant violation has exacerbated an already difficult situation and as a direct and proximate result of Defendant willful and wrongful conduct, the Debtors have been harmed

14. Plaintiffs/Debtors' were already experiencing a great deal of financial stress and worries which caused him to seek relief in Bankruptcy; now Defendant actions are magnifying the problem. As a direct and proximate result of Defendant violation Plaintiffs/Debtors' have suffered emotional and mental distress and pain and suffering, including apprehension, anxiety, fear, nervousness, trepidation, uneasiness, concern, worry, dread, tension, all of which have resulted in the disruption of Plaintiffs/Debtors' life and the peace and their mental tranquility.

15. At all times when Defendant took these actions, Plaintiffs/Debtors' were protected by the Automatic Stay.

16. At no time did any agent or employee of the Defendant request a reaffirmation of the debt or attempt to file a motion to have the debt be declared non-dischargeable.

17. Plaintiffs/Debtors' have been harmed by the actions of the Defendant in an amount to be proven at the time of trial, including but not limited to, $84.36 used by Plaintiffs/Debtors' to travel to confer with his attorney.

18. Defendant violation has exacerbated an already difficult situation and as a direct and proximate result of Defendant willful and wrongful conduct, the Debtors have been harmed.

COMPLAINT SEEKING DAMAGES FOR VIOLATION OF AUTOMATIC STAY

19. Plaintiffs/Debtors' were already experiencing a great deal of financial stress and worries which caused them to seek relief in Bankruptcy; now Defendant actions are magnifying the problem. As a direct and proximate result of Defendant violation Plaintiffs/Debtors' have suffered emotional and mental distress and pain and suffering, including apprehension, anxiety, fear, nervousness, trepidation, uneasiness, concern, worry, dread, tension, all of which have resulted in the disruption of Plaintiffs/Debtors' life, their peace and their mental tranquility.

20. Due to the continued collection efforts, Plaintiffs/Debtors' are scared, humiliated and emotionally distraught. They felt like there was nothing they could do to keep Defendant(s) from hounding them. Plaintiffs/Debtors' believed that they had obtained some measure of relief by filing the bankruptcy petition; however, the continued collection efforts caused Plaintiffs/Debtors' to fear that there was nothing they could do to prevent Defendant from hounding them for this debt.

21. Defendant willful and egregious violations of the United States Bankruptcy code should be rectified by this court.

22. Defendant should pay punitive damages in the amount of at least $40,000 for their knowing violations of the United States Bankruptcy Code.

   Wherefore, Plaintiffs/Debtors' prays for judgment against the Defendant(s):

   a. Declaring the Defendant, guilty of civil contempt for violating the automatic stay on July 8, 2019, August 7, 2019, September 6, 2019 and October 7, 2019 in wrongfully and willfully seeking to collect the debt after proper notice of the Order for Relief.

**COMPLAINT SEEKING DAMAGES FOR VIOLATION OF AUTOMATIC STAY**

  b. Awarding the Plaintiffs/Debtors' compensatory and punitive damages in an amount to be proven at trial, but no less than $40,000, as described above, including compensation for emotional damages as described above in an amount to be proven at the time of trial plus attorney fees and costs pursuant to 11 U.S.C §362(k), and for contempt of Court.

  c. Granting such additional relief as the Court deems necessary or proper.

Dated: October 24, 2019    The Law Offices of Timothy C. Springer

           /s/ Nancy D. Klepac
           Nancy D. Klepac,
           Attorney for Debtors

**COMPLAINT SEEKING DAMAGES FOR VIOLATION OF AUTOMATIC STAY**